## PACIFIC EMPLOYERS INSURANCE COMPANY

v.

## BAKER POOL COMPANY, Inc., Verlin Edward Moser, Ryder Truck Rental, Inc., and Liberty Mutual Insurance Company.

Civ. A. No. 5196.

United States District Court
E. D. Tennessee, N. D.

March 8, 1965.

Poore, Cox, Baker & McAuley, R. Hunter Cagle, of same firm, Knoxville, Tenn., for plaintiff.

J. H. Doughty, Hodges, Doughty & Carson, Knoxville, Tenn., for defendants.

ROBERT L. TAYLOR, Chief Judge.

Plaintiff seeks a declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, against the defendants. Diversity of citizenship and the amount involved give this Court jurisdiction.

Plaintiff issued its Comprehensive General-Automobile Liability Policy, No. 18266, to Baker Pool Company, Inc., (hereinafter called Baker) and William A. Mackebee, both of Knoxville, Tennessee, insuring them against liability within certain limits arising out of the use of an automobile. Baker hired an automobile from defendant, Ryder Truck Rental, Inc., (hereinafter called Ryder), and while it was being driven by the defendant Moser, as an employee of Baker, an accident occurred on April 22, 1964 on Highway 119 at a place approximately two miles east of Pineville in Bell County, Kentucky, which resulted in the death of Leman Ray Carnes, a child six years of age.

The co-administrators of the estate of Leman Ray Carnes sued Baker and Moser in July, 1964 in the Bell County Circuit Court asking damages against them in the amount of $100,541.50.

Ryder was insured by a policy issued by Liberty Mutual Insurance Company, (hereinafter called Liberty), within certain limits over $10,000.00 arising out of the use of vehicles owned by Ryder. Ryder's Truck Rental Contract No. B–20372 constituted the contract between it and Baker. The contract provided that if the renter had other insurance covering any occurrence for which insurance is provided by the owner under the contract, the owner's insurance would apply, as excess only, over the protection afforded by the renter's policy. Ryder was self-insured within specified limits.

Plaintiff assumed defense of the suit against Baker and Moser, with reservations, now pending in the Bell County Circuit Court.

The complaint states that a dispute has arisen between the parties involving their rights with respect to (a) a policy of automobile insurance issued by plaintiff to Baker, (b) a policy of automobile insurance issued to Ryder by Liberty, (c) a contract between Baker and Ryder providing for the rental of a truck owned by Ryder, and (d) self-insurance of Ryder against bodily injury liability up to $10,000.00.

Plaintiff seeks a judgment from this Court declaring that:

(1) Ryder and Liberty have the obligation to defend the action by the administrators of the estate of Leman Ray Carnes against Baker and Moser in the Bell County Circuit Court; that Ryder and Liberty have the primary obligation to pay the amount of any judgment up to the limits of Liberty's policy; that plaintiff's policy provides excess coverage only over and above that provided by Ryder and Liberty;

(2) That if the relief sought in Section (3) of the prayer of the complaint is denied, then in the alternative plaintiff seeks a judgment declaring that Liberty has the obligation to defend the action brought against Baker and Moser in the Bell County Circuit Court and to pay the amount of any judgment that might be entered in that case up to its policy limits;

(3) That if the relief sought in Sections (3), (4) and (5) of the prayer of the complaint is denied, then in the alternative plaintiff seeks a judgment declaring that plaintiff, Liberty and Ryder are liable to pay the amount of any judgment entered against Baker and Moser on a proportionate basis, the amount owed by each party to be calculated pursuant to Condition 14 of the plaintiff's policy; and

(4) That if the relief sought in Sections (3), (4) and (5) of the prayer of the complaint is denied, plaintiff seeks a judgment declaring that Liberty has the obligation to employ counsel and to pay all expenses incurred in the defense of Baker and Moser arising out of the action against them by the administrators of the estate of Leman Ray Carnes.

Ryder and Liberty have moved for a dismissal of the complaint upon the grounds: (a) the plaintiff fails to state a claim upon which relief can be granted, (b) the policy of insurance to Baker requires it to defend any suit against Baker although the suit may have been groundless, false and fraudulent; (c) the Declaratory Judgment Act does not require a declaration of rights concerning factual issues to be settled in state litigation.

The pertinent provisions of plaintiff's policy, filed as Exhibit 1 to the complaint, are:

"1. *Coverage A—Bodily Injury Liability—Automobile*: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of any automobile.

"*Coverage B—Bodily Injury Liability—Except Automobile*: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or

disease, including death at any time resulting therefrom, sustained by any person and caused by accident.

\* \* \* \* \* \*

"II. *Defense, Settlement, Supplementary Payments*: With respect to such insurance as is afforded by this policy, the company shall:

"(a) defend any suit against the insured alleging such injury, *sickness, disease or de-struction* and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;"

\* \* \* \* \* \*

■ Federal courts have considerable discretion in exercising jurisdiction under the Declaratory Judgment Act. Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620.

■ Ordinarily, the court which first acquires jurisdiction of the controversy and of the parties should be permitted to determine the controversy without interference from another court. Utilities Insurance Company v. Ledford, (a case that originated in this Court), 255 F.2d 123.

■ The Declaratory Judgment Act should not be used for the purpose of anticipating a trial of an issue in a court of co-ordinate jurisdiction. The object of the Act is to afford relief where needed and not to interfere with state litigation by furnishing a new choice of tribunals. It is not the purpose of the Act to bring into the federal courts, either directly or indirectly, phases of cases that are properly triable in the state courts and which are pending in state courts. Aetna Casualty & Surety Co. v. Quarles, (C.A.4), 92 F.2d 321; National Cancer Hospital of America v. Webster, (C.A.2)

251 F.2d 466, 468; Home Indemnity Co., New York v. Lechner, (D.C.S.D.Cal.) 191 F.Supp. 116; Westchester Fire Insurance Co. v. Larson, (D.C.D.Minn.) 199 F.Supp. 224.

■ Plaintiff will not have need for any of the declarations sought from this Court if Baker and Moser are successful in the Bell County Circuit Court action, with the possible exception of whether the defendants or any of them will be required to reimburse plaintiff for attorneys fees incurred in the defense of the state court action. The amount of the fees cannot be determined at this time. It is possible that the Bell County Circuit Court will settle that question. The majority of the courts have held that the question of whether an insurance company is obligated to pay attorneys for the defense of a suit is separate from the question of whether the company will be required to pay the judgment in such suit.

■ An academic or theoretical declaration by this Court concerning future controversies that may never arise is not contemplated by the Declaratory Judgment Act. American Fidelity & Casualty Co. v. Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Co., (C.A.5) 280 F.2d 453, 461.

Some courts have entertained suits under the Declaratory Judgment Act to settle controversies between insurers and insureds as to the extent of the insurers' responsibility under liability insurance policies. Maryland Casualty Co. v. Consumers Finance Service, (C.A.3), 101 F.2d 514. The prevailing rule seems to be that each case dealing with this subject must be decided on its own facts.

It is the opinion of this Court that the facts of this case do not require action under the Declaratory Judgment Act.

The motion to dismiss the action without prejudice to any of the parties involved is sustained.

Present order.