IMPROVED MACHINERY, INC. & another *vs.* MERCHANTS
MUTUAL INSURANCE Co. & another.

Suffolk.   April 8, 1965. — June 30, 1965.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Equity Jurisdiction,* Declaratory relief.   *Insurance,* Motor vehicle liability insurance.   *Motor Vehicle,* Loading or unloading.   *Words,* "Use."

An "actual controversy" within G. L. c. 231A, § 1, was disclosed by a judge's report of a suit in equity by the insured named in two liability insurance policies and one of the insurers against the other insurer for a declaratory decree as to which insurer was obligated to undertake the defence of an action for injuries and death brought against the insured and another by the executor of the decedent, and the suit could be maintained notwithstanding the fact that liability of the insured had not been established.   [463]

Under a motor vehicle liability insurance policy on a truck obligating the insurer to indemnify the insured against liability to pay damages to others for bodily injury and death caused by the "use" of the truck, including the loading and unloading thereof, and defining "insured" as including "the named insured [the owner of the truck] and also . . .

any person while using the . . . [truck] provided the actual use . . . is by the named insured or with his permission," a contractor hired by a customer of the named insured to load onto the truck at the customer's premises a heavy piece of machinery for delivery to the named insured was "using" the truck with the "permission" of the named insured while engaged in the loading with a fork lift and was an unnamed insured under the policy, and it covered injuries to and death of a representative of the customer struck by the fork lift when it tipped over from the weight of the piece of machinery.  [463–464]

BILL IN EQUITY filed in the Superior Court on September 3, 1963.

The suit was reported by *Cahill,* J.

*John H. Fletcher Calver (John F. Finnerty* with him) for the plaintiffs.

*Edward F. Flynn & Edward Nappan,* for the Merchants Mutual Insurance Co., submitted a brief.

REARDON, J.   This is a bill for declaratory relief brought by Improved Machinery, Inc. (Improved), and The Aetna Casualty and Surety Company (Aetna) against Merchants Mutual Insurance Co. (Merchants) and The Home National Bank of Brockton.   The case has been reported to us by a judge of the Superior Court without decision.

We summarize the statement of agreed facts.   Aetna issued a so called general or comprehensive liability policy to Improved.   This was in effect on July 9, 1962, as was a motor vehicle liability policy issued to Improved by Merchants.   In June, 1962, Bourget Company in Brockton purchased from Improved an injection molding machine which was installed at the Bourget plant.   The machine did not operate properly, and Improved decided to replace a component of the machine called the press assembly.   Kemp Transportation Co. (Kemp) was hired by Bourget to unload the new press assembly, which weighed about 3,500 pounds, and to load on Improved's truck the old press assembly.   Kemp supplied a forklift and an operator to perform the unloading and loading.

A part of the old press assembly called the clamp platten had to be dismantled and various other operations performed before the defective part of the machine could be loaded by the forklift operator.   This was done during the

afternoon of July 9, 1962. At about 5 p.m. the new press assembly was delivered to Bourget by means of Improved's truck driven by its employee. After the arrival of Improved's truck no employee of Improved had anything to do with the machinery. The new press assembly was removed from the truck with great difficulty by the forklift operator, who thereafter began to load the clamp platten. During the latter process the weight of the clamp platten caused the forklift to sway and then to tip over. The forklift struck Charles Bourget resulting in injuries and death.

Home National Bank, executor under the will of Charles Bourget, instituted suit against Improved and Kemp. This action is presently awaiting trial. Merchants has been requested by Aetna to take over the defence in said suit but has refused to do so.

1. We consider first whether the court has jurisdiction to entertain a proceeding for declaratory relief between insurers where the issue of the liability of the insured has not yet been determined. Section 9 of G. L. c. 231A provides that the purpose of the chapter is "to remove, and to afford relief from, uncertainty and insecurity with respect to rights, duties, status and other legal relations, and it is to be liberally construed and administered." We think that here an "actual controversy" (see c. 231A, § 1) has arisen. The report reveals "a real dispute caused by the assertion by one party of a legal relation, status or right in which . . . [it] has a definite interest, and the denial of such assertion by another party also having a definite interest in the subject matter, where the circumstances attending the dispute plainly indicate that unless the matter is adjusted such antagonistic claims will almost immediately and inevitably lead to litigation." *School Comm. of Cambridge* v. *Superintendent of Schs. of Cambridge,* 320 Mass. 516, 518. We hold, therefore, that c. 231A is properly invoked in this case notwithstanding the fact that liability of the insured has not been established. See *Crompton* v. *Lumbermens Mut. Cas. Co.* 334 Mass. 207, 211.

2. Merchants' policy covers "on behalf of the insured all sums which the insured shall become legally obligated

to pay as damages because of bodily injury, . . . including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of'' various defined hazards, including '' [t]he ownership, maintenance or use . . . of the owned automobile.'' The policy defines ''use'' to include the loading and unloading of the vehicle. The term ''insured'' is defined as including ''the named insured and also . . . any person while using the automobile . . . provided the actual use of the automobile is by the named insured or with his permission.''

We agree with the plaintiffs that the accident occurred during the loading and unloading process and that the coverage of Merchants' policy extends to the injuries incurred. ''It is plain that the insertion of the loading and unloading clause in the . . . policy was intended not to restrict the coverage otherwise afforded as to use of the motor vehicle but to extend the meaning of 'use.' '' *August A. Busch & Co. of Mass. Inc.* v. *Liberty Mut. Ins. Co.* 339 Mass. 239, 242. Our decision that the forklift operator was ''using'' Improved's vehicle is supported by the weight of authority in this area of the law. See 95 A. L. R. 2d 1122, supplementing 160 A. L. R. 1259. We further hold that the forklift operator is an unnamed insured under Merchants' policy. *Nichols & Co. Inc.* v. *Travelers Ins. Co.* 343 Mass. 494, upon which Merchants relies, involved an insurance policy with a narrower definition of ''insured'' than is contained in the omnibus clause now before us. See *Wagman* v. *American Fid. & Cas. Co.* 304 N. Y. 490, 496. It cannot be doubted that the ''use'' of the vehicle was with the permission of the named insured. The forklift operator was engaged in the very activity for which Improved's truck stood on the Bourget Company's premises. See *Maryland Cas. Co.* v. *New Jersey Manufacturers Cas. Ins. Co.* 48 N. J. Super. 314, 320–321, affd. 28 N. J. 17.

3. A decree is to be entered ordering Merchants to undertake the defence of the action brought against Improved and to pay Aetna such costs as it has incurred in such defence and in this proceeding.

*So ordered.*