AETNA INSURANCE COMPANY, Everhart Steel Construction Company, Inc., Hester Hamilton, Gilbert Motes, and Chattanooga Rock Products Division of Vulcan Material Company

v.

TRANSAMERICA INSURANCE COMPANY.

Civ. A. No. 4775.

United States District Court
E. D. Tennessee, S. D.

Jan. 19, 1967.

Bishop, Thomas, Leitner, Mann & Milburn, Chattanooga, Tenn., for plaintiffs.

Spears, Moore, Rebman & Williams, Chattanooga, Tenn., for intervening plaintiff Chattanooga Rock Products Div. of Vulcan Materials Co.

Noone, Moseley & Bell, Chattanooga, Tenn., for defendant.

MEMORANDUM

FRANK W. WILSON, District Judge.

This is an action in which plaintiffs seek a declaratory judgment upon a policy of insurance alleged to have been issued by defendants. There have been several motions filed in the case, in the following order: (1) defendant's motion for summary judgment, (2) plaintiff's motion for the production of defendant's insurance policy, (3) plaintiffs' motion

to amend the complaint, (4) defendant's objection to plaintiffs' requests for admissions, and (5) the motion of Chattanooga Rock Products to intervene as a party plaintiff.

Briefly summarized, the complaint alleges the following facts. On January 11, 1966, plaintiff Everhart Steel Construction Company, Inc., leased and bailed to Chattanooga Rock Products Division, Vulcan Material Company, at the request of and for the use and benefit of Quality Concrete Industries, Inc., of Morristown, Tennessee, a crane vehicle and two Everhart employees, Hester Hamilton and Gilbert Motes. On that date, during the loading of a large tank on a tractor-trailer unit owned by Quality Concrete, Hamilton and Motes were called upon to pull the tractor-trailer with the crane. During the operation, an electric line was struck and electrical energy was conducted through the crane and towing apparatus to the tractor-trailer, causing injury to one Mack Windham. Defendant had issued a policy of liability insurance upon the Quality Concrete tractor-trailer, and it is asserted that Hamilton and Motes are additional insureds under such policy. Plaintiff Aetna is the liability insurer of Everhart and has in its policy the usual subrogation clause. Aetna contends that Hamilton and Motes cannot be insureds under its policy. Windham has filed suit for personal injuries against Chattanooga Rock Products and Everhart in the Circuit Court of Hamilton County, Tennessee, and defendant has refused to provide coverage to Everhart with regard to this lawsuit. Plaintiff Aetna contends that any liability of Everhart to Windham must necessarily be based upon respondeat superior for negligence on the part of Hamilton and Motes, which would necessarily entitle Everhart, and thus by subrogation, Aetna, to proceed against Hamilton and Motes for indemnity. Plaintiffs seek declaratory judgment that Hamilton and Motes are insureds under defendant's policy and thus that defendant should provide coverage to Everhart in the Windham lawsuit.

Defendant's motion for summary judgment is based upon its contention that this is not an appropriate case for declaratory judgment and/or that the suit is premature and must be based upon anticipation and speculation. It is of course well settled that the granting or denying of relief in declaratory judgment actions is a matter within the sound discretion of the Court. Brillhart v. Excess Insurance Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620. Basically the question in each case is whether the facts averred under the existing circumstances present a real controversy between parties having adverse legal interest of such immediacy and reality as to warrant a declaratory judgment. Altvater v. Freeman, 319 U.S. 359, 63 S.Ct. 1115, 87 L.Ed. 1450; Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826. The determinative factor is whether the declaratory action will probably result in a just and more expeditious and economical determination of the entire controversy. Maryland Casualty Co. v. Boyle Construction Co., 4 Cir., 123 F.2d 558. As stated by the Court in the case of Pacific Employer's Insurance Co. v. Baker Pool Co., (D.C., 1965), 239 F.Supp. 788:

"An academic or theoretical declaration by this Court concerning future controversies that may never arise is not contemplated by the Declaratory Judgment Act. * * *"

The present case basically presents an action between two insurance carriers to determine how the cost of defending a tort action pending in the state court shall be shared and whether the defendant, Transamerica Insurance Company, will be obligated to pay any portion of a judgment in the state court proceeding, should a judgment enter against one or more defendants. Transamerica's obligations are alleged to arise under the loading and unloading provisions of its policy. The declaration in the state court case alleges many acts of negligence upon the part of Everhart Steel Construction Company and Chattanooga Rock Products, the only defend-

ants presently named in that action. Some of the alleged acts of negligence may be construed to have been in connection with the loading operation and some may be construed as unrelated. Some of the allegations of negligence are allegations of negligence upon the part of employees operating the crane, some are allegations of negligence upon the part of the owner of the crane, and some are allegations of negligence upon the part of Chattanooga Rock Products. Furthermore, amendments in the state court case might yet completely alter the present allegations and alter the ultimate outcome of that case. How the state court case will come out, nobody knows at this time. Prior to an adjudication of liability in the state court action and prior to an adjudication of the grounds upon which such liability is to be imposed, any adjudication by this Court in this case would at best be highly speculative and theoretical. The plaintiff complains that it is unable to conduct settlement negotiations until the obligations of Transamerica are adjudicated. This argument, however, presupposes that a declaratory judgment must render certain Transamerica's liability or non-liability for any judgment in the state court action. Under the allegations of negligence now contained in the state court case, such certainty would not appear possible in any judgment this court might render. Any adjudication by this Court at this time could readily be rendered moot either by amendments in the state court case or by the outcome of the state court action. The federal courts have often held that actions for declaratory judgment under the Federal Declaratory Judgment Act should not be entertained where the rights of several insurers are in issue until there has been a judgment against the insured. Nationwide Mutual Insurance Co. v. Fidelity & Casualty Company of New York, (3 Cir. 1961) 286 F.2d 91; American Fidelity & Casualty Co. v. Pennsylvania Thrashermen & Farmers Mutual Casualty Insurance Co., (5 Cir. 1960) 280 F.2d 453; Travelers Indemnity Co. v. Standard Accident Insurance Co., (7 Cir. 1964) 329 F.2d 329; Pacific Employers Insurance Co. v. Baker Pool Co., (D.C.1965) 239 F. Supp. 788. As stated in American Fidelity & Casualty Co. v. Pennsylvania Thrashermen & Farmers Mutual Casualty Insurance Co., supra, a Court is not required to permit such a "many sided Donnybrook" in order to "express legal opinions on academic theoreticals which might never come to pass". The defendant's motion for summary judgment will accordingly be sustained. Action upon all remaining motions are thereby rendered moot and an order will enter dismissing this lawsuit.