The **PHOENIX INSURANCE COMPANY,**
a corporation, **Plaintiff,**

v.

**HARBY MARINA, INC., a corporation,
Defendant.**

Civ. A. No. 747.

United States District Court,
N. D. Florida,
Marianna Division.

Jan. 8, 1969.

Mercer P. Spear, Panama City, Fla., for plaintiff.

Julian Bennett, of Logue, Bennett & Williams, Panama City, Fla., for defendant.

## ORDER GRANTING MOTION TO DISMISS

CARSWELL, Chief Judge.

The plaintiff in this case won the race to the federal courthouse by filing complaint which seeks relief by declaratory judgment. The adversary defendant had already won the race to the state courthouse by seeking to invoke the jurisdiction of the state court for declaratory judgment relief to the extent that the defendant had secured state court approval for filing a third party complaint against the plaintiff here in the state action. If the issue were simply who was the swifter, then the plaintiff has won a photofinish.

But this is really not all that is presented here, for at the heart of the problem is the broader and much more significant relationship between state and federal courts in diversity actions. As is frequently the case in these instances the issue here was first presented in a tort action filed in state court. The plaintiff was in the process of being called upon to defend in the state court action under a policy of insurance issued by it to the defendant in the state action. The ultimate issue between these two parties for determination is whether

under the insurance contract the plaintiff had responsibility to defend the action in the state court case. It is significant to note in this connection that the subject contract is to be construed under the law of the State of Florida.

■ There is no question but what the plaintiff here has a right to seek a forum of its choice, and the general rule is that once the complaint has been filed jurisdiction vests in that court upon filing. Here the plaintiff did this in this court before it was served in the state action. While this court clearly has the raw power of jurisdiction to determine the issue presented by the complaint, since Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), federal courts have very broad discretion in exercising jurisdiction under the Declaratory Judgments Act. Mr. Justice Frankfurter noted on page 495, 62 S.Ct. on page 1175:

"* * * Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."

Following this philosophy Judge Holmes, speaking for the Fifth Circuit, stated in Employers' Liability Assur. Corp. v. Mitchell et al., 211 F.2d 441 (1954):

"The granting of relief by declaratory judgment is a matter within the sound discretion of the court. As a procedural remedy, the federal declaratory-judgments act, 28 U.S.C.A. §§ 2201, 2202, operates independently of state law; but a federal court, in exercising its discretion to grant or refuse relief, should avoid needless conflict with other courts, state or federal. Declaratory relief should not be denied simply because another remedy is available, but it may properly be refused where the alternative remedy is better or more effective. The respective dates of filing do not always furnish the criteria, but the important question is whether the circumstances at the time of the determination are such as to make useless the further prosecution of the suit for declaratory judgment."

See also Pacific Employers Insurance Co. v. Baker Pool Co., 239 F.Supp. 788 (E.D. Tenn.1965).

■ From the undisputed facts as set forth in the complaint this Court concludes that it is not sound administration of justice to truncate a portion of an overall controversy for determination in this court. The contract sought to be construed is dependent upon Florida law. The courts of the State of Florida are the ultimate arbiters in such construction. The tort action now pending in the state court might well present certain factual issues which could prove to be crucial in the determination of liability of the plaintiff under this contract. The acceptance by the state court of a determination in this court could well frustrate the orderly progress of the proceedings there. Actually, this situation is rather commonplace in that tort actions frequently involve interpretation of insurance contracts between the parties. It is more logical that these issues proceed under the supervision and the handling of one court, especially where there is simply no suggestion at all of possible prejudice to any of the parties by the case being handled in one court. All of the issues, i. e., the tort action, for example, cannot be brought to resolution in this court. But the entire controversy here, including the interpretation of the contract, can be resolved in a state action. The only court which can possibly have jurisdiction of all the issues are the courts of the State of Florida since there is no diversity between the parties to the tort suit.

It is, therefore, upon consideration, hereby

Ordered that motion to dismiss be and it is hereby granted.