Ralph A. ABERLE and Mary
Aberle, Plaintiffs,

v.

Kevin E. KARN, Defendant and
Cross-Defendant.

and

Freddie MUTSCHLER and Marlys Mut-
schler, d/b/a Mutschler Farms, Defend-
ants, Cross-Claimants, Third-Party
Plaintiffs, Appellees and Cross-Appel-
lants,

v.

COMMERCIAL INSURANCE COMPANY
OF NEWARK, NEW JERSEY, Third-
Party Defendant and Cross-Appellee,

and

St. Paul Fire and Marine Insurance
Company, Third-Party Defendant
and Appellant.

Civ. Nos. 10044, 10053.

Supreme Court of North Dakota.

March 3, 1982.

As Corrected March 25, 1982.

Kenner, Halvorson & Sturdevant, Minot, for plaintiffs (did not participate in appeal).

Pringle & Herigstad, P.C., Minot, and Mikal Simonson, Valley City, for defendant and cross-defendant Karn (did not participate in appeal).

Ohnstad, Twichell, Breitling, Arntson & Hagen, West Fargo, and Zuger & Bucklin, Bismarck, for defendants, cross-claimants, third-party plaintiffs, appellees and cross-appellants Mutschlers (briefs and oral argument by Brian D. Neugebauer, West Fargo).

Stefanson, Landberg & Alm, Moorhead, Minn., for third-party defendant and cross-appellee Commercial Ins. Co. (briefs and oral argument by David S. Maring, Moorhead, Minn.).

Cahill Law Office, P.A., Moorhead, Minn., for third-party defendant and appellant St. Paul Fire and Marine Insurance Company (briefs and oral argument by James D. Cahill, Moorhead, Minn.).

PEDERSON, Justice.[1]

■ These appeals have a somewhat unusual progeny. They originate from two lawsuits, one by *Ralph A. Aberle* and one by *Mary Aberle*. The defendants in both suits were *Kevin E. Karn* and *Freddie Mutschler* and *Marlys Mutschler* d/b/a *Mutschler Farms*. Both suits sought damages arising out of *Karn's* negligent operation of a motor vehicle owned by the *Mutschlers*. The complaints were later amended to include a claim against the *Mutschlers* based upon negligent entrustment.

*Karn* did not file an answer to the complaints but has appeared of record through

---

1. A previous opinion in this matter was filed January 22, 1982, and is herewith withdrawn. That opinion, which dismissed the appeal because of the absence of a Rule 54(b), NDRCivP, determination that there was no just reason for delay and direction for entry of judgment, relied upon a Rule 10(g), NDRAppP, agreed statement in the appendix. Although the complete record in the two *Aberle* lawsuits was certified to us, ordinarily Rule 10(g) statements are in lieu of the record. At the urging of counsel we have examined the record and find that an appropriate Rule 54(b) statement was made

and, further, that an order was signed severing the third-party declaratory action from the principal actions.

Third-party claims may be severed from the principal action. Rule 14(a), NDRCivP; Rule 20(b), NDRCivP; Rule 42(b), NDRCivP. *See also, Bismarck Public School District No. 1 v. Ritterbush Associates*, 313 N.W.2d 712 (N.D. 1981). When Rule 20(b) or Rule 42(b) orders have separated a claim from a suit, Rule 54(b) orders are necessary to permit appeals. *See* discussion in *Minch v. City of Fargo*, 297 N.W.2d 785 (N.D.1980).

counsel. The *Mutschlers* denied liability, cross-claimed against *Karn*, and brought into both cases third-party defendants, *Commercial Insurance Company* of Newark, New Jersey, and *St. Paul Fire and Marine Insurance Company*, each of which had apparently refused to defend the *Mutschlers*.

▪ The *Mutschler* third-party claims, which were ordered consolidated, seek declaratory relief authorized in an appropriate case by Chapter 32–23, NDCC. *See also*, Rule 57, NDRCivP. Declaratory judgment may be used to declare rights, status, and other legal relations (§ 32–23–01, NDCC) under written contracts or other writings constituting a contract (§ 32–23–02, NDCC), but the court, in its discretion, may refuse where the judgment entered would not terminate the controversy giving rise to the proceeding (§ 32–23–06, NDCC).

The *Aberle* claims have not been disposed of as far as the record shows.

The third-party complaints allege that at the time of the accident in which *Aberle* was injured by a motor vehicle driven ·by *Karn* and owned by *Mutschlers*, the *Mutschlers* were named insureds in a "farm owner's—ranch owner's policy," No. 6488537, issued by *Commercial Insurance Company*, and in a "liability policy," No. 082JB4664, issued by *St. Paul Fire and Marine Insurance Company*. It is further alleged that *Commercial* and *St.·Paul* deny coverage and that they refuse to defend *Mutschlers* or *Karn* from the claims of the *Aberles*. The *Mutschlers, Commercial*, and *St. Paul* each moved for a partial summary judgment pursuant to Rule 56(d), NDRCivP, and stipulated that there are no facts in dispute.

(1) Did the *Commercial* "farm owner's—ranch owner's" policy provide coverage? The trial court said that there was no coverage and no obligation to defend.

(2) Did the *St. Paul* "liability" policy provide coverage? The trial court said that there was coverage and an obligation to defend.

We need to first consider the applicability of our recent holding, filed subsequent to the trial court's determination in this case, in *United Pac. Ins. Co. v. Aetna Ins. Co.*, 311 N.W.2d 170, 174 (N.D.1981), where we said:

> "We believe that the better policy in an action between insurance companies is to await final adjudication of the underlying litigation to prevent decisions based upon incomplete facts.

> · · · · ·

> "Any decision on liability or duty to defend made by this court while the underlying litigation is pending in district court would be based on speculation of that result and without full presentation of facts."

We also quoted with approval from *Aetna Insurance Co. v. Transamerica Insurance Co.*, 262 F.Supp. 731 (E.D.Tenn.1967), the following test:

> "Basically the question in each case is whether the facts averred under the existing circumstances present a real controversy between parties having adverse legal interest of such immediacy and reality as to warrant a declaratory judgment. [Citations omitted.] The determinative factor is whether the declaratory action will probably result in a just and more expeditious and economical determination of the entire controversy. [Citations omitted.]"

▪ These statements in *United Pac. Ins. Co. v. Aetna Ins. Co.* are consistent with the Uniform Declaratory Judgments Act[2] and § 32–23–06, NDCC, which generally make declaratory relief a matter of

---

2. The North Dakota Declaratory Judgments Act was enacted as Chapter 237, North Dakota Session Laws, 1923. It included sections 14, 15, and 16 relating to savings clause, uniformity of interpretation, and the title "Uniform Declaratory Judgments Act." These three sections appear at sections 7712a14, 7712a15 and 7712a16 of the 1925 Supplement to the 1913 Compiled Laws of North Dakota. The Revisor's Note to Chapter 32–23, prior to the publication of the North Dakota Revised Code of 1943, declared sections 14, 15, and 16 of Ch. 237, S.L. 1923, as surplusage and omitted them.

discretion.[3] That discretion is not unlimited. Courts may, under proper circumstances, grant declaratory relief even though the declaration would not terminate the underlying controversy, if it can be of some help to end the controversy. Courts should not, however, give advisory opinions or answer moot, abstract, theoretical, academic, hypothetical, or speculative questions. As a suggestion for our trial courts in future cases, it would be very significant to this court on appeal, where it may be otherwise obvious that the declaratory relief will not dispose of the underlying dispute, that there be a showing of how the declaration aids in the disposition of the basic controversy. We find no substantial explanation by the trial court or argument by counsel to aid us in concluding that declaratory relief in this case aids the disposition of the claims of the *Aberles* against *Karn* and the *Mutschlers*. We presume there is a lesser chance of a settlement without a final declaratory judgment, but it is doubtful that any speculation of a settlement warrants the granting of declaratory relief. We are told that *Karn's* liability is covered by insurance provided by an insurer not a party to this case. It would be speculation on our part to assume, on the basis of the facts before us, that final answers to the questions before us will determine now "who will pay the damages sought by the *Aberles?*" Nevertheless, it would be unsatisfactory for this court to now set aside the answers given by the trial court on a technicality without comments on the merits of those answers under the circumstances of the case.

In *United Pac. Ins. Co. v. Aetna Ins. Co., supra*, we cited 20 Appleman, *Insurance Law and Practice*, § 11354, p. 348, for the

proposition that "courts are not unanimous in their approach to whether or not a justiciable controversy exists where the duty to defend is at issue."

▮ The duty of an insurer to defend the insured from claims is closely related to the right of the insurer to control the defense. This is a general principle justified by a substantial public interest in orderly and proper disposition of insurance claims.[4] The volume of writings on the subject is extensive, and the recent trend to label insurer's conduct "bad faith" [*Smith v. American Family Mut. Ins. Co.*, 294 N.W.2d 751 (N.D.1980), and *Corwin Chrysler-Plymouth v. Westchester Fire*, 279 N.W.2d 638 (N.D.1979) ], and the filing of tort claims, has apparently aroused a renewal of the intensity of the interest in the matter.[5]

On November 9, 1978, *Karn* was engaged in hauling *Mutschlers'* sunflowers from *Mutschlers'* farm near Drayton to *Mutschlers'* farm near Wimbledon. *Karn* was an employee of *Mutschlers'* and, with their permission, was driving a 1976 Kenworth tractor and semi-trailer unit owned by the *Mutschlers*. A collision occurred on Interstate Highway 29 in which *Ralph A. Aberle* was, allegedly, permanently injured. In the suits instituted by the *Aberles*, it is alleged that *Aberle's* injuries were the direct and proximate cause of *Karn's* negligent and careless operation of the *Mutschlers'* Kenworth tractor and semi-trailer unit, and that the *Mutschlers* negligently entrusted the operation of the vehicle to *Karn*, knowing that he was a careless driver.

### Mutschler's Cross-Appeal

*Commercial* alleged in its answer to the third-party complaint that the *Commercial*

---

**3.** *See* Annotation, 142 A.L.R. 8, at 17; 22 Am. Jur.2d Declaratory Judgments, § 9; 26 C.J.S. Declaratory Judgments, § 11.

**4.** *See*, generally, 7C Appleman, Insurance Law and Practice, §§ 4681–4694; 14 Anderson, Couch on Insurance 2d, §§ 51:142–51:171; Annotation—Declaratory Judgments—Insurance Matters, 108 A.L.R. 1005; Annotation—Declaratory Action—Other Pending Action, 135 A.L.R. 934; Annotation—Declaratory Judgments—Insurance Questions, 142 A.L.R. 8; Annotation—Liability Insurance—Waiver—Es-

toppel, 38 A.L.R.2d 1148; Annotation—Liability Insurer—Refusal to Defend, 49 A.L.R.2d 694; \nnotation—Automobile Liability Insurance—Risks, 89 A.L.R.2d 150; Annotation—Insured's Right to Recover Attorneys' Fees, 87 A.L.R.3d 429; Annotation—Defense by Insurer—Coinsurer's Duty, 90 A.L.R.3d 1199; Annotation—Farm Owners' Liability Insurance, 93 A.L.R.3d 472.

**5.** *See* discussion of Minnesota cases, 6 William Mitchell L.Rev. 473 (1980).

policy excludes coverage by, "among other ways, the language of the policy which excludes personal liability coverage for bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of any motor vehicle owned or operated by, or rented or loaned to any insured and also excludes coverage for bodily injury or property damage arising out of business pursuits of an insured except activities therein which are ordinarily incident to non-business pursuits or farming."

Although the entire *Commercial* policy is in the record, only the automobile exclusion clause is called to our attention. It provides:

"This policy does not apply:

1. Under Coverage G—Personal Liability and Coverage H—Medical Payments to Others:

a. to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:

(1) . . .

(2) any motor vehicle owned or operated by, or rented or loaned to any Insured; but this subdivision (2) does not apply to bodily injury or property damage occurring on the insured premises if the motor vehicle is not subject to motor vehicle registration because it is used exclusively on the insured premises or kept in dead. storage on the insured premises; or

(3) . . .

but this exclusion 1.a. does not apply to bodily injury to any residence employee arising out of and in the course of his employment by any Insured except while such employee is engaged in the operation or maintenance of aircraft."

It is the *Mutschlers'* argument on this cross-appeal that the duty of *Commercial* to defend is established by the allegation by *Aberles* in the complaints that there was negligent entrustment, even though the exclusion negates coverage of the negligent use or operation of the vehicle. *See Great Central Ins. Co. v. Roemmich*, 291 N.W.2d

772 (S.D.1980), and *Republic Vanguard Insurance Co. v. Buehl*, 295 Minn. 327, 204 N.W.2d 426 (1973).

Ordinarily, the skill of the drafter of a complaint, under modern liberalized practice (see Rule 8, NDRCivP), will have little significance in defining the scope of the obligations of an insurer to an insured. *See Shepard Marine Const. Co. v. Maryland Cas. Co.*, 73 Mich.App. 62, 250 N.W.2d 541 (1977). When a trial court responds to an action for declaratory judgment at the time when the basic suit has not been tried, at best the court acts upon a pleading that can yet be readily amended or which may be dismissed. The injured party (*Aberle*) may be motivated to express his claim in such terms as will encourage the insurer to decline to defend. The original complaints alleged only vicarious liability against the *Mutschlers* as employers and owners. By amendment, the claim of negligent entrustment has been raised. We are not made. aware of *Aberles'* position with regard to any of the insurance questions.

■ Without a final declaratory judgment, *Commercial* may, on the basis of its own evaluation, determine if it should defend, and meet issues of waiver and estoppel if they are raised. *See generally Faber v. Roelofs*, 311 Minn. 428, 250 N.W.2d 817 (1977). If *Commercial* concludes that it should now deny the existence of coverage and refuse to defend, it must take the risk that that action may be claimed later to be bad faith, permitting a tort claim by the *Mutschlers*. We think that an insurer who has investigated the facts and researched the applicable law is in a better position to make that evaluation than for a court to make a speculative determination based upon minimum facts.

Accordingly, we reverse the trial court's determination that the *Commercial* "farm-owner's, ranch-owners policy" provides no coverage and that *Commercial* is not obligated to defend. We determine that the court should not provide final answers to those questions until the *Aberle* suits have been tried or settled.

### St. Paul's Appeal

 St. Paul answered the third-party claims against it by an allegation that there was no liability coverage in its insurance policy for *Karn* or for the *Mutschlers*. St. Paul's position is based upon an explicit exclusion in an endorsement to the *St. Paul* policy which provided, in part:

"In consideration of the continuation of this Policy by the Company, it is hereby agreed that the Company shall not be liable for loss or damage, under the above coverages marked by an '[x]', which occurs while the automobile described in the Policy, or any other automobile to which the terms of the Policy are extended, is being driven or used by the following named person: Kevin E. Karn."

The trial court, relying primarily upon this court's holding in *Hughes v. State Farm Mut. Auto. Ins. Co.*, 236 N.W.2d 870 (N.D.1975), concluded that the endorsement which excluded Kevin E. Karn from coverage violated public policy. Although *Hughes* does not require a conclusion that all exclusions from coverage in insurance policies violate public policy, and although the facts in *Hughes* may distinguish it from the *St. Paul* policy endorsement excluding *Karn*, there may be some basis in § 26–41–04, NDCC, to support a conclusion that public policy should void the *Karn* exclusion here.

Nevertheless, the same principles apply to the declaratory judgment insofar as it applies to the *St. Paul* questions as apply to the *Commercial* questions heretofore discussed. We accordingly reverse the trial court determination that the *St. Paul* liability policy provides coverage applicable to the *Aberle* claims and that *St. Paul* is obligated to defend *Karn* and the *Mutschlers*. We remand for purpose of trial of the *Aberle* claims, giving both *Commercial* and *St. Paul* opportunity to defend, after which the trial court may provide final answers to questions of coverage and duty to defend, if they are then in dispute.

Under the circumstances, we make no comment on questions of attorney fees or costs at this time.

The necessity or desirability of determining questions which reach this court on appeal while a suit is still pending below, under Rule 35(b), NDRAppP (formerly § 28–27–29, NDCC), is discretionary with this court. We believe that by bringing the *Aberle* cases to trial, the questions now raised in the declaratory judgment proceedings may no longer be pertinent.

There will be no costs allowed on this appeal. The declaratory judgment, in its entirety, is reversed and set aside. The record is remanded to permit disposition of the *Aberle* lawsuits, and for such proceedings on the demand for declaratory relief as may thereafter be warranted.

ERICKSTAD, C.J., and SAND, J., concur.

MEDD, D.J., sitting in place of PAULSON, J., disqualified.

VANDE WALLE, Justice, dissenting.

I dissent for the reasons stated in my dissenting opinion in *United Pac. Ins. Co. v. Aetna Ins. Co.*, 311 N.W.2d 170, 174 (N.D. 1981). The appeal of St. Paul Fire and Marine Insurance Company presents a question of public policy insofar as exclusions in insurance policies are concerned. A trial of the cause of action by the Aberles against Karn and the Mutschlers would appear to have little effect on that issue. Nor do I believe the cross-appeal of the Mutschlers will be dependent upon the trial of the main action.

I note for the record that I would affirm the trial court's decision with regard to Commercial Insurance Company's duty to defend but I would reverse the trial court with regard to St. Paul Fire and Marine Insurance Company's duty under its policy. I do not believe the decision in *Hughes v. State Farm Mut. Auto Ins. Co.*, 236 N.W.2d 870 (N.D.1975), requires a conclusion that the exclusion in the St. Paul insurance contract is void as against public policy. A family exclusion clause, such as was present in *Hughes*, and the exclusion of a specific person, by name, present different issues of public policy.

JOEL D. MEDD, District Judge, concurs.