**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**
Appellant,

v.

**Raymond E. GOETZKE, et al., Charles J. Weber, a minor, by his guardian ad litem, Robert Sanft, Respondents,**

**Bernard Weber, et al., Defendants.**

No. CO–87–1236.

Court of Appeals of Minnesota.

Dec. 8, 1987.

Review Denied Feb. 12, 1988.

Barbara A. Burke, Mark Gwinn, Cousineau, McGuire, Shaughnessy & Anderson, Chartered, Minneapolis, for appellant.

Dennis L. Briguet, West St. Paul, for respondents, Raymond E. Goetzke, et al.

Jon R. Duckstad, St. Paul, for respondent, Charles J. Weber, a minor, by his guardian ad litem, Robert Sanft.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and HUSPENI, JJ.

## OPINION

SEDGWICK, Judge.

American Family Mutual Insurance Company (American) appeals a declaratory judgment requiring American to indemnify insured for personal injury damages awarded against insured. American questions the trial court determination that bodily injuries arising out of the "ownership by * * * any insured of any premises, other than insured premises" exclusion does not apply. We reverse.

## FACTS

On July 1, 1981, Charles Weber, a minor, was injured when a paint can exploded while he was at his family's lake property. At the time of the accident, Raymond and Barbara Goetzke (Goetzke) held one-fourth of the property in joint ownership with other members of the family. Charles Weber by his guardian ad litem (Weber) sued for damages caused by the accident.

Goetzke's homeowner's insurance with American covered the Goetzke home in West St. Paul and included an exclusion for bodily injuries arising out of the "ownership by or rental to any insured of any premises, other than the insured premises." The lake property was not the insured premises. American defended Goetzke under a non-waiver agreement. At trial, the jury found Raymond Goetzke negligent and that the other family members were engaged in a joint enterprise with him. American denied indemnity coverage based on the "other premises" exclusion. The personal injury judgment was appealed and the joint enterprise finding was reversed. *Weber v. Goetzke*, 371 N.W.2d 611 (Minn. Ct.App.1985), *pet. for rev. denied* (Minn. Sept. 26, 1985).

American brought a declaratory judgment action on the application of the "other premises" exclusion. Goetzke and Weber counterclaimed against American for bad faith in refusing to indemnify. The insurance coverage and bad faith claims were bifurcated and American filed a motion for summary judgment on the insurance coverage issue. Goetzke and Weber also moved for summary judgment. The trial court granted summary judgment to Goetzke and Weber. American moved for reconsideration in light of the decision in *Arndt v. American Family Mutual Insurance Co.*, 394 N.W.2d 791 (Minn.1986). After reconsideration, the trial court granted judgment to Goetzke. American appeals.

### ISSUES

1. Is the insurance coverage issue moot?

2. In light of *Arndt*, did the trial court err in deciding that the other premises exclusion did not apply?

### ANALYSIS

#### I

■ Respondent argues that the insurance coverage issue is moot because American has paid the policy limits and commenced this declaratory judgment after the trial on the personal injury action. Pay-

ment of policy limits is not a waiver of the right to deny coverage. *Pedersen v. United Services Automobile Association*, 383 N.W.2d 427 (Minn.Ct.App.1986) (mistaken payment at issue). Where the issue to be resolved is not exactly the same in the declaratory judgment and the underlying action, the parties "are entitled to have a declaration establishing coverage or the lack thereof in the declaratory judgment action." *Grain Dealers Mutual Insurance Co. v. Cady*, 318 N.W.2d 247, 250 (Minn.1982).

Here, American defended Goetzke in the personal injury action pursuant to a non-waiver agreement which reserved American's rights against Goetzke, including the right to question coverage. The payment of the policy limits did not waive the right to a declaratory judgment.

#### II

■ On appeal from a summary judgment, the appellate court determines (1) whether any genuine issues of material fact exist and (2) whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979); *see* Minn.R.Civ.P. 56. The question here is whether the trial court erred in interpreting *Arndt* when reconsidering whether the other premises exclusion in the homeowner insurance policy applied.

The policy excludes "bodily injury or property damage * * * arising out of the ownership by or rental to any insured of any premises, other than the insured premises." Following the reasoning in *Arndt*, American urges that the clause excludes actions of the insured on uninsured property. *Arndt* was a declaratory judgment action determining whether American was obligated to pay a personal injury claim under a family farm liability policy. Arndt was injured when he was helping his friend unload frozen shredded cornstalks from farm equipment for use as bedding in a barn on uninsured property. The language of the policy exclusion in *Arndt* excluded "any bodily injury or property damages: * * * arising out of the ownership, use or control by or rental to any insured of any

premises, other than insured premises." 394 N.W.2d at 794. The *Arndt* court held that

> where the insurance policy excludes accidents arising out of insured's ownership, use or control of uninsured premises and the insured greatly expands farming operations by purchasing property without informing the insurer or paying added premiums, an accident causally related to insured's ownership of the uninsured property is not covered.

*Id.* at 795.

The *Arndt* court distinguished the *Arndt* policy exclusion from the other premises exclusion in *Lanoue v. Fireman's Fund American Insurance Co.,* 278 N.W.2d 49 (Minn.1979). The issue in *Lanoue* involved the determination of whether the homeowner's policy excluded coverage for bodily injury "arising out of any premises, other than an insured premises, owned, rented or controlled by any insured." *Id.* at 53. The *Arndt* court points to the different language in each clause to show that *Lanoue* dealt with the causal relationship between the liability and the premises themselves while *Arndt* deals with the "*acts* of ownership, use or control of uninsured premises." *Arndt,* 394 N.W.2d at 795 (emphasis in original).

Here, the trial court decided that injury from a trashed paint can exploding was caused by an act of the insured rather than caused by the premises themselves. The trial court interpreted the policy language to require implied causation between the injury and the premises as in *Lanoue.* The trial court found no causal connection, so the exclusion did not apply. The trial court then ordered American to indemnify Goetzke for money damages from the personal injury suit.

Here, the language of the exclusion is "arising out of the ownership by or rental to any insured of any premises, other than the insured premises." Syntactically, this language is closer to that in *Arndt.* The emphasis is on "ownership by" rather than on "any premises, other than the insured premises." The other premises language modifies the scope of coverage for the insured's acts of ownership. Since the injury was caused by Goetzke's act, the exclusion applies and American has no obligation to indemnify Goetzke.

Weber argues that the presence of the words "use or control" in the *Arndt* policy distinguish the *Arndt* exclusion from the exclusion here. However, in *Arndt,* the insured also owned the property where the accident took place though the property was not listed on the insurance policy. The *Arndt* court stated "an accident causally related to *insured's ownership* of the uninsured property is not covered." 394 N.W. 2d at 795 (emphasis added). The use of the word "or" in the phrase "ownership, use or control" means that if any one of the three conditions are present, the exclusion applies. Here, as in *Arndt,* Goetzke is an owner of the property where the accident occurred. The exclusion applies.

## DECISION

On reconsideration, the trial court erred in not following *Arndt.* The other premises clause in Goetzke's policy excluded American from indemnifying Goetzke for money damages awarded against insured in the personal injury action brought by Weber. The trial court erred in granting summary judgment to Goetzke. We reverse and remand for entry of judgment in favor of American.

Reversed and remanded.