# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2020 ND 112

Jesse Dellinger,                                                                                    Plaintiff

v.

Jeremy Young Wolf d/b/a Young Wolf
Trenching, Trevor Grandchamp, and SITE
Energy (USA) Inc.,                                                                              Defendants

and

QEP Energy Company,                                               Defendant and Appellee

v.

Kinsale Insurance Company,                    Third-Party Defendant and Appellant

and

Legendary Field Services, LLC,                                   Third-Party Defendant

No. 20190301

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Daniel S. El-Dweek, Judge.

DISMISSED.

Opinion of the Court by Tufte, Justice.

Jordan B. Weir (argued) and Robert B. Stock (appeared), Fargo, N.D., for defendant and appellee QEP Energy Company.

Larry L. Boschee (argued) and Jack E. Zuger (appeared), Bismarck, N.D., Nicholas C. Grant (on brief), Dickinson, N.D., and Aaron L. Warren (on brief), Miami, Florida, for third-party defendant and appellant Kinsale Insurance Company.

**Tufte, Justice.**

[¶1]   Kinsale Insurance Company ("Kinsale") appealed from a district court's partial summary judgment determining Kinsale has a duty to defend QEP Energy Company ("QEP"). QEP moved to dismiss the appeal, arguing the partial summary judgment is not appealable. Kinsale responded, asserting the Declaratory Judgment Act provides a statutory basis for the appeal. We conclude the Declaratory Judgment Act does not provide a statutory basis for the appeal, and we dismiss the appeal for lack of jurisdiction.

I

[¶2]   This is a personal injury lawsuit arising from an explosion at a well site in McKenzie County. The Plaintiff, Jesse Dellinger, sued multiple defendants, including his employer, Legendary Field Services, LLC ("Legendary"), and QEP. QEP was the operator of the well site. Legendary was an oil and gas service provider. Legendary and QEP had entered into a master services agreement which required Legendary to maintain a commercial liability insurance policy that named QEP as an additional insured. Legendary purchased such a policy from Kinsale. After the explosion, QEP tendered its defense to Legendary and Kinsale as an additional insured on the policy. Kinsale denied QEP coverage.

[¶3]   QEP filed a third-party complaint against Kinsale and Legendary claiming breach of contract and requesting declaratory relief. QEP moved for partial summary judgment, requesting a declaration that Kinsale has a duty to defend QEP as an additional insured on the policy. Kinsale opposed the motion, invoking various coverage exclusions. The district court granted partial summary judgment declaring Kinsale has a duty to defend QEP.

[¶4]   Kinsale moved to certify the partial summary judgment as final under N.D.R.Civ.P. 54(b). Before the district court ruled on Kinsale's Rule 54(b) motion, Kinsale filed a notice of appeal. This Court temporarily remanded the case to the district court for the court to decide the Rule 54(b) motion. On

remand, the district court declined to certify its partial summary judgment order as a final judgment. QEP now moves to dismiss the appeal, arguing the district court's partial summary judgment order is not appealable.

## II

[¶5] The right of appeal is governed by statute in North Dakota. *Jordet v. Jordet*, 2015 ND 73, ¶ 13, 861 N.W.2d 154. When there is no statutory basis for an appeal, this Court lacks jurisdiction and must dismiss the appeal. *Id.* Orders that are not final and do not dispose of all the claims in a case are generally not appealable. *Bulman v. Hulstrand Constr. Co.*, 503 N.W.2d 240, 241 (N.D. 1993); *Regstad v. Steffes*, 433 N.W.2d 202, 203 (N.D. 1988). If a district court determines there is "no just reason for delay," it may certify a judgment disposing of fewer than all of the claims as final. N.D.R.Civ.P. 54(b).

[¶6] However, Kinsale asserts the Declaratory Judgment Act provides statutory authorization for this appeal. The Declaratory Judgment Act is codified at N.D.C.C. ch. 32-23. Section 32-23-06 provides:

> The court may refuse to render or enter a declaratory judgment or decree if such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding. *However, the court shall render or enter a declaratory judgment or decree in an action brought by or against an insurance company to determine liability of the insurance company to the insured to defend, or duty to defend, although the insured's liability for the loss may not have been determined.*

(Emphasis added.) The Legislature added the emphasized language in 1983 in response to our case law to the contrary. *Blackburn, Nickels & Smith, Inc. v. Nat'l Farmers Union Prop. & Cas. Co.*, 452 N.W.2d 319, 322–23 (N.D. 1990). *See also* 1983 N.D. Sess. Laws ch. 377, § 1. Kinsale also relies on Section 32-23-01, N.D.C.C., which provides:

> The [court's] declaration may be either affirmative or negative in form and effect, and such declaration shall have the force and effect of a final judgment or decree.

Kinsale reads these two provisions together as creating immediate appealability of decisions concerning insurers' duty to defend.

[¶7] In *Ziegler v. Meadowbrook Insurance Group, Inc.*, 2009 ND 192, 774 N.W.2d 782, we were presented with the same argument and decided the case without a majority opinion. Ziegler requested a declaratory judgment determining the defendant insurers had a duty to defend him in a separate lawsuit. *Id.* at ¶ 3. He also brought claims for breach of an insurance contract and breach of the duty of good faith and fair dealing. *Id.* The district court granted partial summary judgment, concluding there was a duty to defend, but the court did not resolve Ziegler's other claims against the insurers. *Id.* at ¶ 6. The insurers appealed and then moved for Rule 54(b) certification. *Id.* at ¶ 30. The district court did not decide the Rule 54(b) motion, concluding it lacked jurisdiction while the insurers' appeal was pending. *Id.*

[¶8] Two justices concluded the partial summary judgment order was not appealable because it was not intended to be final and was not appealable under N.D.C.C. § 28-27-02. *Ziegler*, 2009 ND 192, ¶¶ 1-18, 774 N.W.2d 782 (opinion of Crothers, J.; Maring, J., concurring). The plurality rejected the appellants' argument that this Court should allow immediate appeals of interlocutory decisions about insurance coverage under N.D.C.C. ch. 32-23 because under N.D.C.C. § 32-23-07, the Court reviews declaratory judgments according to the same jurisprudence that applies to any other order or judgment. *Id.* at ¶ 10. The plurality then articulated the following analysis for determining whether an order is appealable:

> First, the order appealed from must meet one of the statutory criteria of appealability set forth in NDCC § 28-27-02. If it does not, our inquiry need go no further and the appeal must be dismissed. If it does, then Rule 54(b), NDRCivP, must be complied with. If it is not, we are without jurisdiction.

*Id.* at ¶ 11 (quoting *Mann v. N.D. Tax Comm'r*, 2005 ND 36, ¶ 7, 692 N.W.2d 490). The plurality then explained that N.D.C.C. § 28-27-02 sets out seven categories of orders that may be appealed, all of which are required to be final. *Id.* at ¶¶ 12-13 ("to avoid a longstanding policy against piecemeal appeals, we would not entertain appeals under N.D.C.C. § 28-27-02 from orders that were

3

not meant to be final"). The plurality interpreted the partial summary judgment order as not "intended to be final" because it contemplated further discovery and additional proceedings on the duty-to-defend issue. *Id.* at ¶ 14. They concluded the appeal must be dismissed. *Id.* at ¶ 18. Another justice disagreed with the plurality on the statutory interpretation but reached the same result under N.D.R.Civ.P. 54(b), creating a majority for dismissal. *Id.* at ¶¶ 20-31 (Kapsner, J., concurring in the result). Two justices dissented, concluding the Declaratory Judgment Act provided statutory authorization for the appeal. *Id.* at ¶¶ 32-37 (VandeWalle, C.J., dissenting, joined by Sandstrom, J.).

[¶9]  We find the plurality opinion in *Ziegler* persuasive in deciding this case. As in *Ziegler*, the district court here entered a partial summary judgment on the duty-to-defend issue, but it left other issues unresolved. The partial summary judgment contemplated the case would proceed with further discovery and additional proceedings. The district court's denial of certification under N.D.R.Civ.P. 54(b) expressly stated its intent to reconsider the duty-to-defend issue after the necessary factual record was developed at trial. We adopt the rationale of the *Ziegler* plurality, concluding that the partial summary judgment regarding Kinsale's duty to defend is not immediately appealable under the Declaratory Judgment Act. Because the partial summary judgment was not intended to be final and is not appealable under N.D.C.C. § 28-27-02, we must dismiss for lack of jurisdiction.

III

[¶10] We hold the order granting partial summary judgment is not appealable. We dismiss the appeal.

[¶11] Jerod E. Tufte
        Daniel J. Crothers
        Jon J. Jensen, C.J.

        I concur in the result.
        Lisa Fair McEvers

4

**VandeWalle, Justice, concurring specially.**

[¶12] In *Ziegler v. Meadowbrook Insurance Group, Inc.,* 2009 ND 192, 774 N.W.2d 782, as noted in ¶ 8 of the majority opinion, I dissented believing that the amendment of the Declaratory Judgment Act provided the basis for appeal to this Court. However, *Ziegler* was decided more than ten years ago, and the Legislature has not acted. When this Court construes a statute and the Legislature takes no action, it is presumed the Court's interpretation is in accord with the Legislature's intent. *City of Bismarck v. Uhden*, 513 N.W.2d 373, 376 (1994) (citing *Blair v. City of Fargo*, 171 N.W.2d 236 (N.D. 1969)).

[¶13] I therefore concur in the result.

[¶14] Gerald W. VandeWalle