# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 164

Friends of the Rail Bridge (FORB), Downtown
Business Association of Bismarck, and CD Holdings, LLC,                    Petitioners

  v.

North Dakota Department of Water Resources,
BNSF Railway Company, North Dakota State Historical
Board; the Director of the State Historical Society of
North Dakota, William Peterson; and the State of
North Dakota, ex rel. Drew Wrigley, North Dakota
Attorney General,                                                        Respondents

## No. 20230255

Petition for a Writ of Mandamus and Writ of Prohibition.

PETITION DENIED.

Opinion of the Court by Jensen, Chief Justice.

William J. Delmore (argued), Bismarck, ND, and Lyle G. Witham (on brief), Erie, CO, for petitioners.

Jennifer L. Verleger, Assistant Attorney General, Bismarck, ND, for respondents North Dakota Department of Water Resources and the State of North Dakota, ex rel. Drew Wrigley, North Dakota Attorney General.

David R. Phillips, Special Assistant Attorney General, Bismarck, ND, for respondents North Dakota State Historical Board and the Director of the State Historical Society of North Dakota, William Peterson.

Jason A. Lien (argued) and Evan A. Nelson (on brief), Minneapolis, MN, and Zachary R. Eiken (appeared) and Wade C. Mann (on brief), Bismarck, ND, for respondent BNSF Railway Company.

# Friends of the Rail Bridge v. N.D. Dep't of Water Resources
## No. 20230255

**Jensen, Chief Justice.**

[¶1]   The Friends of the Rail Bridge, Downtown Business Association of Bismarck, and CD Holdings, LLC (collectively, "FORB") petition this Court to assert its original jurisdiction to issue a stay of the Sovereign Land Permits S-2095 and S-2398 issued to BNSF Railway Company ("BNSF"), and to issue a writ of mandamus to the North Dakota Department of Water Resources, the North Dakota State Historical Board, the Director of the State Historical Society of North Dakota, and the State of North Dakota to consider issues set out by N.D.C.C. § 55-02-07. Because adequate alternative remedies are available by law, we decline to exercise our original jurisdiction to issue prerogative writs of mandamus or prohibition and deny the requested writs.

[¶2]   Prior to oral argument FORB requested leave to file a reply brief and exhibits previously filed in the district court. Subsequent to oral argument FORB requested leave to file additional exhibits not included within its prior motion. The motions are granted.

I

[¶3]   In April 2023, the Department of Water Resources issued two sovereign land permits to BNSF—permit (S-2398) to remove the existing railroad bridge which crosses the Missouri River between Bismarck and Mandan and permit (S-2095) to construct a new rail bridge. Upon issuance of the permits, FORB filed a Notice of Appeal in the South Central Judicial District, arguing the Department of Water Resources failed to comply with N.D.C.C. § 55-02-07 before issuing the permits and requesting a stay of the sovereign lands permits. The district court dismissed FORB's appeal for lack of subject matter jurisdiction, finding FORB did not exhaust administrative remedies under N.D.C.C. ch. 28-32. In July 2023, FORB filed an appeal of the district court's dismissal, which remains pending before this Court (Docket No. 20230240), in addition to petitioning this Court to exercise its original jurisdiction.

1

## II

[¶4]   Article VI, § 2, of the North Dakota Constitution authorizes this Court to exercise original jurisdiction and to issue original and remedial writs necessary to properly exercise its jurisdiction. *See* N.D.C.C. § 27-02-04. This Court has indicated supervisory writs and other prerogative writs are to be used "with caution and forbearance for the furtherance of justice, and to secure order and regularity in judicial proceedings when none of the ordinary remedies provided by law are adequate." *Olson v. N.D. Dist. Ct.*, 271 N.W.2d 574, 578 (N.D. 1978). This Court will not exercise its supervisory powers "merely because the appeal may involve an increase of expenses or an inconvenient delay." *Ziegler v. Meadowbrook Ins. Grp., Inc.*, 2009 ND 192, ¶ 16, 774 N.W.2d 782 (quoting *Forum Commc'ns Co. v. Paulson*, 2008 ND 140, ¶ 8, 752 N.W.2d 177). A request for a writ should be denied when the Petitioners fail to establish they have no adequate alternative remedy at law. *Olson*, at 578.

[¶5]   FORB requests this Court exercise its original jurisdiction based on the same claims dismissed by the district court and from which FORB has filed an appeal (Docket No. 20230240). The issues presented in this petition will be fully reviewable in the pending appeal from the district court. Additionally, to the extent FORB argues there is a need for expedited resolution, FORB can, and has, initiated action seeking a stay as part of the action in the pending appeal from the district court. Because FORB has an adequate alternative remedy for resolution of the issues raised in its petition seeking to have this Court exercise its original jurisdiction, we deny the petition.

[¶6]   Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

2